IRA TUCKER AND ANOTHER *v.* EDWIN LAWRENCE AND OTHERS.

*Trespass. Countermanded Order.*

If A gives an order to B, but countermands it before it is acted upon, he is not responsible for what B does under it.

TRESPASS. Trial by jury, June Term, 1881, PIERPONT, Ch. J., presiding. Verdict for the plaintiff. The facts are sufficiently stated in the opinion.

*L. L. Durant*, for the plaintiff.

*G. E. Lawrence*, for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass and trover to recover for the taking and conversion of a Lane sawmill, with pulleys, shafting, and belting. Pending the suit, the defendant Lawrence died, and the suit was dismissed as to him and prosecuted against the defendants, Danforth and Hunt. The plaintiffs acquired title to the property sued for under a decree of foreclosure. Before the decree became absolute the property

had been removed by the defendant Danforth, without the know-ledge or consent of the defendant Hunt from the premises where it was when the mortgage was executed upon which the decree was obtained, to what was known as the Danforth mill; and it was in the Danforth mill when the decree became absolute. Soon after that the defendant Danforth moved the property back to the place from which he took it. To connect the defendant Hunt with the taking and removal of the property from the Dan-forth mill, the plaintiffs put in evidence a letter written by the defendant Hunt, dated the 26th of April, and directed to Bently & Danforth, directing them to put "that sawmill machinery back into the Elliot mill right away." There was no other evidence to connect the defendant Hunt with the taking or con-version of the property. The court charged the jury in sub-stance that the letter from Hunt to Bently & Danforth, and the return of the property by Danforth as directed, was a trespass by both.

As tending to show that the property was not taken and removed by Danforth in pursuance of and by the direction given in the letter from Hunt to Bently & Danforth, the defendant Hunt offered to testify that after Danforth received the letter, and before he removed the property, that he told him to move only such parts of it as belonged to him, and to leave the parts belonging to the plaintiffs where they then were. Objection was made to his so testifying, and the objection was sustained. It was competent for the defendant Hunt to countermand the direc-tions contained in the letter of April 26th at any time before they had been acted upon, and, after countermanded, Hunt could not be held responsible for anything Danforth might do under the instructions first given. Hence it was error to exclude the evidence offered.

The judgment is reversed and cause remanded.